23-3328

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| Manuel Gray | ) Ninth Circuit Court of Appeals |
|         Plaintiff-Appellant, | ) No.: 23-3328 |
| vs. | ) Appeal |
| Saks Fifth Avenue LLC | ) D.C. No. 2:20-cv-01987-JJT |
|         Defendant-Appellee. | ) U.S. District Court for Arizona, Phoenix |

---

### APPELLEE SAKS FIFTH AVENUE LLC
### ANSWERING BRIEF

---

J. William VanDehei (AZ SBN 035832)
GORDON REES SCULLY
MANSUKHANI, LLP
One Renaissance Square
Two North Central Avenue, Suite 2200
Phoenix AZ, 85004
Telephone: (602) 794-2460
Fax: (602) 265-4716
wvandehei@grsm.com

*Attorney for Defendant/Appellee Saks
Fifth Avenue LLC*

# TABLE OF CONTENTS

**Page No.**

INTRODUCTION .......................................................................................1

JURISDICTIONAL STATEMENT ............................................................2

STATEMENT OF ISSUES PRESENTED FOR APPEAL ...........................2

STATEMENT OF THE CASE .....................................................................3

    A.    The parties and the underlying controversy. ...............................3

    B.    The district court dismisses five of Gray's causes of action.......4

    C.    Gray seeks discovery of materials that either do not exist or were already disclosed. ...............................................................4

    D.    The district court grants summary judgment in SFA's favor. ....5

STANDARD OF REVIEW ...........................................................................6

SUMMARY OF ARGUMENT .....................................................................6

ARGUMENT ...............................................................................................8

I.    The District Court Did Not Abuse its Discretion by Denying Gray's Procedurally Improper and Factually Baseless Motion to Compel. ........................................................................................8

    A.    Pro se litigants are not exempted from complying with the district court's orders.................................................................9

    B.    SFA provided all discoverable materials in its possession. ........9

II.    Gray's Appeal of the District Court's Ruling on His Motion to Strike is Meritless. .......................................................................... 11

III.    SFA Did Not Violate Gray's Civil Rights. ................................... 12

    A.    Gray did not attempt to contract with SFA. ............................. 13

    B.    SFA did not deny Gray the right to contract............................. 17

i

CONCLUSION................................................................................ 21

CERTIFICATE OF COMPLIANCE.......................................................... 22

STATEMENT OF RELATED CASES ....................................................... 23

CERTIFICATE OF SERVICE ................................................................ 24

# TABLE OF AUTHORITIES

**Page No.**

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).................... 14, 19, 22

*Ascom Hasler Mailing Sys., Inc. v. U.S. Postal Serv.*, 267 F.R.D. 1 (D.D.C. 2010)................................................................................................ 11

*Bagley v. Ameritech Corp.*, 220 F.3d 518 (7th Cir. 2000) ... 16, 18, 21, 22, 23

*Carter v. C.I.R.*, 784 F.2d 1006 (9th Cir. 1986) ....................................... 9, 10

*Christian v. Wal–Mart Stores, Inc.,* 252 F.3d 862 (6th Cir. 2001) ........ 17, 18

*Clark v. Safeway, Inc.*, 478 F. Supp. 3d 1080 (D. Or. 2020)................. 15, 22

*Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470 (2006) ........................... 13

*Dunn v. Trans World Airlines, Inc.*, 589 F.2d 408 (9th Cir. 1978) .............. 11

*Elec. Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241 (1939) .............. 12

*Garrett v. Tandy Corp.*, 295 F.3d 94 (1st Cir. 2002) ............................. 15, 18

*Gregory v. Dillard's, Inc.*, 565 F.3d 464 (8th Cir. 2009) ....................... 16, 18

*Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091 (10th Cir. 2001) 16, 18

*Kitchen v. WSCO Petroleum Corp.*, 481 F. Supp. 2d 1136 (D. Or. 2007)... 20

*Kwai Fun Wong v. Beebe*, 732 F.3d 1030 (9th Cir. 2013) ........................... 20

*Lindsey v. SLT L.A., LLC*, 447 F.3d 1138 (9th Cir. 2006)........................... 14

*Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743 (5th Cir. 2001)........ 15, 18

*Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856 (9th Cir. 2011) ...................... 6

*Stevens v. Corelogic, Inc.*, 899 F.3d 666 (9th Cir. 2018) ............................... 6

*Tahara v. Matson Terminals, Inc.*, 511 F.3d 950 (9th Cir. 2007) ...... 6, 10, 13

*Taylor v. List*, 880 F.2d 1040 (9th Cir. 1989)............................................... 19

*Trammell v. Raytheon Missile Sys.*, 721 F. Supp. 2d 876 (D. Ariz. 2010)... 20

*U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff,* 768 F.2d 1099 (9th Cir. 1985)............................................................................................ 9, 10

*Williams v. Staples, Inc.*, 372 F.3d 662 (4th Cir. 2004) ......................... 17, 18

iii

**Statutes**

28 U.S.C. § 1291 ................................................................ 2

28 U.S.C. § 1331 ................................................................ 2

28 U.S.C. § 1343 ................................................................ 2

28 U.S.C. § 1367 ................................................................ 2

42 U.S.C. § 1981 ................................................. 2, 5, 15, 17, 19, 22

42 U.S.C. § 2000a ............................................................. 2

**Rules**

Federal Rule of Appellate Procedure 32 ...................................... 24

Federal Rule of Civil Procedure 38 .......................................... 14

Ninth Circuit Local Rule 28-2.6 ............................................. 25

Ninth Circuit Local Rule 32-1 ............................................... 24

# INTRODUCTION

The district court granted summary judgment in favor of Appellee Saks Fifth Avenue LLC ("SFA") because Appellant Manuel Gray ("Gray") failed to present evidence supporting his claims of racial discrimination. In short, Gray alleged that Saks denied his right to contract for the purchase of goods on the basis of racial animus, despite admitting that he never tried to make a purchase.

During discovery, Gray, who initially was self-represented, repeatedly propounded discovery requests seeking materials that either do not exist or already were disclosed. Gray then moved to compel production of the materials—without first trying to comply with the district court's discovery-dispute protocols. While the motion was pending before the district court, Gray's newly retained counsel met with SFA's counsel to discuss the issue and decided not to pursue the discovery dispute any further. The court later denied Gray's motion without prejudice.

With fact discovery closed, SFA moved for summary judgment based on Gray's failure to present any evidence on essential elements of his claim. Gray opposed the motion and sought to strike two surveillance video exhibits, arguing SFA had not disclosed the videos timely, despite correspondence showing SFA provided the videos to Gray seven months earlier.

The district court correctly found that Gray failed to establish a prima facie case of discrimination under § 1981 and granted summary judgment in SFA's favor. The district court also correctly exercised its discretion to deny Gray's motion to strike as moot on the grounds that the video exhibits were not material to the decision to grant summary judgment.

## JURISDICTIONAL STATEMENT

The district court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this lawsuit arises primarily from claims under 42 U.S.C. §§ 1981 and 2000a. The district court had supplemental jurisdiction over Gray's state-law claims pursuant to 28 U.S.C. § 1367(a).

This Court has appellate jurisdiction under 28 U.S.C. § 1291 because the district court entered final judgment by its order granting SFA's motion for summary judgment. IR 88; **SER 3**. Gray filed his Notice of Appeal on November 3, 2023, within 30 days of the district court's October 6, 2023, order granting the motion. IR 89; **SER 125–142**.

## STATEMENT OF ISSUES PRESENTED FOR APPEAL

1) Whether the district court abused its discretion by requiring Gray to comply with court orders.

2

2) Whether the district court abused its discretion by denying by Gray's motion to strike evidence that SFA timely disclosed.

3) Whether the district court should have allowed Gray's claim to proceed to a jury even with no genuine issue of material fact.

## STATEMENT OF THE CASE

### A.    The parties and the underlying controversy.

On July 11, 2020, Gray, who identifies as African-American, and his girlfriend visited SFA's Phoenix store. IR 77-1; **SER 11, ¶ 2**. Assisted by a SFA sales associate, the couple sampled various candles and cologne. *Id.* **¶¶ 3–4**. Gray then decided to browse the men's department while his girlfriend kept working with the sales associate. *Id.* After browsing for several minutes, Gray found nothing of interest and returned to the fragrance area and sat in a chair near the sales counter where his girlfriend remained shopping. IR 89; **SER 129**.

Soon after, a SFA security guard approached Gray, explained that a different sales associate had accused him of harassment, and asked that he leave the store. IR 77-1; **SER 11, ¶ 7**; IR 70-3; **SER 16, ¶¶ 6–8**. Gray denied the allegation and asked to speak with a manager. IR 77-1; **SER 12, ¶ 8**. A manager arrived, talked to the security guard, and eventually determined that there had been a mistake. R 70-3; **SER 16, ¶¶ 9–11**. The manager then stepped

3

away and Gray joined his girlfriend at the checkout counter. *Id.* ¶ **12**.

A few minutes later, the manager returned and offered Gray a small gift. *Id.* ¶ **13**. Unsatisfied, Gray requested to speak with someone else and the manager provided Gray with contact information for SFA's Regional Manager. IR 77-1; **SER 12, ¶ 9**. The manager then left the area and Gray waited at the sales counter while his girlfriend completed her transaction and the couple then left the store. IR 87; **SER 5:8–13;** IR 77-1; **SER 12–13, ¶ 10**.

## B.    The district court dismisses five of Gray's causes of action.

In October 2020, Gray filed suit, pro se, later amending his Complaint to assert six claims based on federal civil rights statutes and state tort law. IR 9, **SER 117–124**. The district court dismissed five of Gray's claims because (1) SFA is not a "public accommodation" under Title II of the Civil Rights Act of 1964; (2) the conduct of SFA's personnel could not support a claim for intentional infliction of emotional distress; and (3) Gray is not the correct party to bring a claim for loss of consortium. IR 33; **SER 103–106**.

Gray's sole remaining claim alleged that SFA denied him the right to contract for the purchase of goods on the basis of racial discrimination, in violation of 42 U.S.C. § 1981. *Id*; **SER 104–105**.

## C.    Gray seeks discovery of materials that either do not exist or were already disclosed.

During discovery, Gray, who initially was self-represented, repeatedly

propounded discovery requests seeking materials that either already were disclosed, are protected by privilege, or do not exist. IR 52; **SER 23–24**. Gray then moved to compel production of the materials—without first trying to comply with the district court's discovery-dispute protocols. *Id.*; **SER 22, 28–32;** IR 63; **SER 18**. During briefing on his motion to compel, Gray retained separate counsel, who appeared and filed the reply in support of his motion. *Id.*; **SER 18, n.1**.

While the motion was pending before the district court, Gray's newly retained counsel met with SFA's counsel to discuss the issue and decided not to pursue the discovery dispute any further. The court later denied Gray's motion without prejudice. *Id.*; **SER 18**.

### D. The district court grants summary judgment in SFA's favor.

With fact discovery closed, SFA moved for summary judgment based on Gray's failure to present any evidence to support essential elements of his claim. IR 87; **SER 8–9**. Gray opposed the motion and sought to strike two surveillance video exhibits, arguing that SFA had not timely disclosed the videos, despite correspondence showing SFA provided the videos to Gray seven months earlier. *Id.*; **SER 9**; IR 52; **SER 23, 34**.

The district court correctly granted SFA's motion, finding that Gray failed to "allege that he tried to purchase any items at the checkout counter,

5

nor that he physically selected any items while shopping." IR 87; **SER 8**. The court then denied Gray's motion to strike as moot, stating that the video exhibits were not material to its decision granting summary judgment. *Id.*; **SER 9–10**.

## STANDARD OF REVIEW

The Ninth Circuit reviews a district court's rulings on discovery issues for an abuse of discretion. *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 677 (9th Cir. 2018). A district court's grant of summary judgment, by contrast, is reviewed de novo. *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011). Additionally, this Court "may affirm the district court for any reason supported by the record." *Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 955 (9th Cir. 2007).

## SUMMARY OF ARGUMENT

The district court correctly denied Gray's motion to compel. Though Gray was pro se when he first filed the motion, he still is must comply with the district court's orders. Not only did Gray ignore the district court's scheduling order, but SFA properly disclosed all non-privileged materials in its possession. In total, SFA produced the full surveillance footage and more than two hundred pages of internal manuals and communications related to the subject incident, as Gray requested. As a result, there was nothing for the

district court to compel.

Further, the district court correctly granted summary judgment because Gray presented no evidence on two essential elements of his § 1981 claim. First, Gray failed to allege that he selected specific items or took any active steps toward completing a purchase. Instead, Gray argued that SFA security interfered with his "*p*[*ro*]*spective* contractual relations." While a matter of first impression for this Court, seven other circuits require more to support a § 1981 claim.

Second, SFA did not deny Gray the right to make a purchase. According to Gray's own statements, SFA did not deny him entry to the store, nor prevent him from browsing merchandise. Gray also has consistently described the sales associate as helpful, repeatedly brining various items for him to sample. Gray has not—indeed cannot—allege that anyone tried to stop, interfere with, or in any way dissuade, the sales associate from further assisting him. Gray even admits that he "decided not to make an attempt to complete his transaction and decided [to] leave after his girlfriend completed her transaction."

Finally, the district court correctly denied Gray's motion to strike two video exhibits SFA included with its motion for summary judgment. Contrary to Gray's argument that the videos were not disclosed timely, the Bates

7

numbering of SFA' exhibits establishes that the surveillance videos were the first items SFA disclosed. SFA provided the videos to Gray with its first discovery responses on September 12, 2022—more than seven months before SFA moved for summary judgment. Neither Gray, nor his counsel, informed SFA of any issue preventing their ability to download or view the surveillance footage. There is, therefore, no basis for any argument that Gray did not have the surveillance footage in his possession or have the ability to access and view it.

In sum, SFA did not discriminate against Gray and did not violate his civil rights. This Court should therefore affirm the district court's order granting summary judgment in SFA's favor.

## ARGUMENT

## I.    The District Court Did Not Abuse its Discretion by Denying Gray's Procedurally Improper and Factually Baseless Motion to Compel.

Courts have the inherent authority to require parties to comply with the court's orders. *See, e.g.*, *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff,* 768 F.2d 1099, 1104 (9th Cir. 1985) (district court may deny motion solely for failure to comply with scheduling order), *superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp.*, 77 F.3d 1170 (9th Cir. 1996). Not only did Gray ignore the district court's scheduling order, but SFA properly disclosed all requested, non-privileged materials in

8

its possession.

### A. Pro se litigants are not exempted from complying with the district court's orders.

Though courts generally will accommodate a self-represented litigant, such a party still is "expected to abide by the rules of the court in which he litigates." *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986). Even though counsel for SFA explained the district court's discovery-dispute procedures and attempted to schedule a meet-and-confer with Gray, he made no attempt to comply. IR 52; **SER 22, 29**; IR 39; **SER 98, ¶ 9**.

Moreover, the district court explicitly stated that it was denying the motion "without prejudice to [Gray] continuing to pursue the disputed discovery according to the protocols set forth in the [scheduling] order." IR 63; **SER 18**. The court, therefore, did not require Gray "to try and litigate his claim without necessary discovery and in a vacuum" as he claims on appeal. OB at 6. Rather, the court merely required that he "abide by the rules of the court in which he litigates." *See Carter*, 784 F.2d at 1008. This is well within the district court's authority. *See U.S. Dominator,* 768 F.2d at 1104. Moreover, Gray's counsel, who appeared during briefing and filed a reply in support of his motion, elected not pursue the discovery dispute further.

### B. SFA provided all discoverable materials in its possession.

Even if this Court were to find that Gray complied with the scheduling

9

order—he did not—the denial of his motion still was correct because SFA properly responded to Gray's discovery requests. *See Tahara*, 511 F.3d at 955 (This Court "may affirm the district court for any reason supported by the record.").

As detailed in its response to Gray's motion, SFA timely responded to Gray's first written discovery requests with instructions on how to download surveillance footage and internal emails related to the subject incident. IR 52; **SER 22, 34**. Though SFA did redact portions of the emails under attorney-client and work-product privileges, SFA provided Gray a detailed privilege log as required. *Id.*; **SER 48–55**.

While the parties' Stipulated Motion for Protective Order was under review by the district court, SFA timely responded to Gray's second written discovery requests, which essentially duplicated his first requests. *Id.*; **SER 23–24, 62–68**. Once the district court entered the parties' Stipulated Protective Order, SFA produced the remaining materials it possessed. *Id.*; **SER 70**.

Gray claims that SFA did not produce a log detailing the ethnicity of shoppers stopped by security as he requested. This is true—because no such log exists. *Id.*; **SER 66–67**. Rule 34 "requires only that parties produce documents that are *already* in existence." *Ascom Hasler Mailing Sys., Inc. v. U.S. Postal Serv.*, 267 F.R.D. 1, 8 (D.D.C. 2010) (quotation omitted; emphasis

original). *See also Dunn v. Trans World Airlines, Inc.*, 589 F.2d 408, 415 (9th Cir. 1978) (no obligation to produce "records which were no longer in existence").

In total, SFA produced the full, unedited surveillance footage and more than two hundred pages of confidential internal manuals and communications, subject to applicable privileges, related to the subject incident, as Gray requested. IR 52; **SER 88–90**. As a result, there was nothing for the district court to compel and it correctly denied Gray's motion.

## II.  Gray's Appeal of the District Court's Ruling on His Motion to Strike is Meritless.

In his opposition to SFA' summary judgment motion, Gray sought to strike SFA's two video exhibits, arguing that they were not timely disclosed. IR 87; **SER 9**. Though the district court denied his motion, it did so on the grounds that the videos were not material to its summary judgment ruling. *Id.* Thus, reversing the district court and striking the two video exhibits would not change the determination that SFA was entitled to judgment as a matter of law.

In effect, Gray received the relief he sought—the district court did not rely on the videos while considering SFA's motion and there is nothing for Gray to appeal. *See Elec. Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241, 242 (1939) ("A party may not appeal from a judgment or decree in his favor,

for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree.").

Should this Court elect to review the merits of Gray's challenge to SFA's video exhibits, the record disproves the argument that he first learned of the videos when SFA moved for summary judgment. OB at 10. As reflected by the Bates numbering of SFA's exhibits, the surveillance videos were the first items included with SFA's Rule 26 Disclosure Statements. IR 52; **SER 88**. Gray first received the videos with SFA's discovery responses on September 12, 2022—more than seven months before SFA moved for summary judgment. *Id.*; **SER 34**. Neither Gray, nor his counsel, informed SFA of any specific issue preventing their ability to download or view the surveillance footage. Thus, Gray had the surveillance footage available to him well within the discovery deadlines, and with more than sufficient time to review it.

In short, the record plainly establishes that SFA timely disclosed the video exhibits and the district court therefore correctly denied Gray's motion to strike. *See Tahara*, 511 F.3d at 955 (This Court "may affirm the district court for any reason supported by the record.").

### III.    SFA Did Not Violate Gray's Civil Rights.

As the U.S. Supreme Court stated in *Domino's Pizza, Incorporated v.*

12

*McDonald,* "Section 1981 offers relief when racial discrimination *blocks* the creation of a contractual relationship." 546 U.S. 470, 476 (2006) (emphasis added). On appeal, Gray continues to misapprehend the requirements of his claim, arguing that the district court improperly denied his right to a jury trial. OB at 9.

Though Gray does have the right to seek a jury trial under Federal Rule of Civil Procedure 38, this right is not absolute. The role of a jury is to resolve factual disputes between the parties by judging witness credibility and weighing the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254–55 (1986). Accordingly, for Gray's claim to reach a jury, he must present evidence creating a factual dispute for the jury to resolve regarding whether he (a) "is a member of a protected class," (b) "attempted to contract for certain services," and (c) "was denied the right to contract for those services." *See Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006) (citation omitted).[1] He has not.

### A. Gray did not attempt to contract with SFA.

As other courts within this circuit have noted, this Court "has not yet established the parameters of the minimum showing necessary to demonstrate an attempt to make a contract in" the context of a retail setting. *See Clark v.*

---

[1]     Saks does not dispute that Gray is a member of a protected class and therefore will not address that element in this brief.

*Safeway, Inc.*, 478 F. Supp. 3d 1080, 1088 (D. Or. 2020). Other circuits presented with this question, however, agree that a retail customer raising a § 1981 claim must show—at a minimum—some active, tangible step toward completing a specific purchase.

For example, in *Garrett v. Tandy Corporation*, the First Circuit affirmed dismissal of the plaintiff's § 1981 claim, holding that the statute requires "a retail customer must allege that he was *actually denied the ability* either to make, perform, enforce, modify, or terminate a contract." 295 F.3d 94, 100–01 (1st Cir. 2002) (emphasis added).

Similarly, in *Morris v. Dillard Department Stores, Incorporated*, the record established that the plaintiff "left [the store] of her own accord without attempting to make any purchase, or to engage in any other transaction." 277 F.3d 743, 752 (5th Cir. 2001). The Fifth Circuit therefore affirmed summary judgment for the defendant, holding that § 1981 plaintiffs "must offer evidence of *some tangible attempt to contract*." *Id.*

In *Bagley v. Ameritech Corporation*, the Seventh Circuit also affirmed summary judgment for the defendant, holding that a plaintiff's claims of interference with "*p*[*ro*]*spective* contractual relations," rather than "with a specific contract that [defendant] refused to enter or enforce," were speculative and insufficient under § 1981. *See* 220 F.3d 518, 520–21 (7th Cir.

14

2000) (emphasis original).

Likewise, in *Gregory v. Dillard's, Incorporated*, the Eight Circuit, sitting en banc, held that "a shopper advancing a claim under § 1981 must show an attempt to purchase, involving a specific intent to purchase an item, and *a step toward completing that purchase*." 565 F.3d 464, 470 (8th Cir. 2009) (emphasis added).

And in *Hampton v. Dillard Department Stores, Incorporated*, the Tenth Circuit affirmed summary judgment where there was no evidence the plaintiff made, or tried to make, a purchase. 247 F.3d 1091, 1117–18 (10th Cir. 2001). In so doing, the court held that § 1981 requires "interference with a contract beyond the mere expectation of being treated without discrimination while shopping." *Id.* at 1118.

Finally, the Fourth and Sixth Circuits allowed § 1981 claims to proceed in which the plaintiffs presented evidence that they had taken active steps to buy specific products. *See Williams v. Staples, Inc.*, 372 F.3d 662, 668–70 (4th Cir. 2004) (plaintiff selected merchandise and attempted to complete the purchase using a personal check); *Christian v. Wal–Mart Stores, Inc.,* 252 F.3d 862, 874 (6th Cir. 2001) (plaintiff placed merchandise in her cart, had the means to purchase, and would have purchased if she not been escorted from the store by police).

15

Gray has presented no such evidence. In fact, as the district court correctly found, Gray failed even to allege—let alone present supporting evidence—that he selected specific items or took any active steps toward completing a purchase. IR 87; **SER 8**. Instead, Gray has argued that SFA security "interfered with his *p*[*ro*]*spective* contractual relations by denying him the opportunity to continue shopping." IR 31; **SER 110** (emphasis added). Gray specifically explained that, "[b]efore making his final decision, [he] decided to browse the Men's Department briefly while his girlfriend was looking at cosmetics to purchase." *Id.*; **SER 109**. Gray then returned to SFA's "fragrance are *to make his final decision* on the cologne to purchase when he first encountered [SFA's] security." *Id.* (emphasis added).

Later, in response to SFA's motion for summary judgment, Gray doubled down on these statements, providing a sworn declaration stating that he sampled various candle fragrances "and *had an idea* of the candle I wanted to purchase" when he decided to browse the men's department. IR 77-1; **SER 11, ¶ 4** (emphasis added). Gray's own sworn statements therefore make clear that he had not even selected specific items, much less taken any steps to complete a purchase.

Indeed, Gray's Notice of Appeal admits that he "*decided not to make an attempt to complete his transaction* and decided [to] leave after his

16

girlfriend completed her transaction." IR 89; **SER 130** (emphasis added).

Even viewing the record in the light most favorable to Gray, such an admission dooms his claim in every circuit that has reviewed this issue. *See Garrett*, 295 F.3d at 100–01; *Williams,* 372 F.3d at 668; *Morris,* 277 F.3d at 752; *Christian,* 252 F.3d at 874; *Bagley*, 220 F.3d at 520–21; *Gregory,* 565 F.3d 470; *Hampton*, 247 F.3d at 1118.

On appeal, Gray seeks to side-step his evidentiary shortcomings through unsubstantiated allegations that SFA withheld crucial evidence in discovery and submitted edited or manipulated video evidence. OB at 7–8, 10–11. These allegations are not only false, as detailed above, but also legally insufficient. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data.").

Because Gray did not present affirmative evidence in support of his § 1981 claim, the district court correctly granted summary judgment for SFA. *See Anderson*, 477 U.S. at 257.

### B.  SFA did not deny Gray the right to contract.

Even if Gray could show that he tried to complete a purchase—he cannot—there is no evidence from which a reasonable jury could find that SFA denied his attempt.

According to Gray's own statements, SFA did not deny him entry to the store, nor prevent him from browsing merchandise. IR 89; **SER 128–129**; IR 77-1; **SER 11, ¶¶ 2–3**. Gray also has, from the earliest stages of this matter, described the SFA sales associate as helpful, stating that he "and his girlfriend were both heavily involved with [the associate] in sampling and deciding what fragrance was liked best." IR 31; **SER 109**. During this process, the associate "repeatedly brought candles for [Gray] to smell the fragrance." IR 77-1; **SER 11, ¶ 4**. It is true that SFA initially did ask Gray to leave the store. And yes, SFA did not present evidence to the district court that the request explicitly was retracted.

But such an explicit statement is not required when, as here, the circumstances make clear that SFA did, in fact, withdraw its request that Gray leave the store. *See, e.g.*, *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1040 (9th Cir. 2013) (rejecting "a 'magic words' approach" in favor of a holistic review of the circumstances to claims under the Federal Tort Claims Act); *Trammell v. Raytheon Missile Sys.*, 721 F. Supp. 2d 876, 879 (D. Ariz. 2010) (applying same approach to Americans with Disabilities Act); *Kitchen v. WSCO Petroleum Corp.*, 481 F. Supp. 2d 1136, 1145 (D. Or. 2007) (applying same approach to Title VII).

18

Here, according to Gray's own statements, his interaction with the manager and security guard ended with the manager offering Gray a gift and providing him contact information for the Regional Manager. IR 77-1; **SER 12, ¶ 9**. The manager then left the area and Gray waited at the sales counter while his girlfriend completed her transaction and the couple then left the store. IR 87; **SER 5:8–13;** IR 77-1; **SER 12–13, ¶ 10**. Gray was not forced from the premises. He was not detained. The police were not called. Viewed in their totality, the circumstances here establish that SFA retracted its request that Gray leave the store.

Even if SFA had not retracted its request that Gray leave the store, he did not—in fact, cannot—allege that anyone tried to stop, interfere with, or in any way dissuade, the sales associate from assisting him or his girlfriend before they voluntarily left the store. The Seventh Circuit was presented with similar facts in *Bagley*, and found them lacking.

There, an assistant manager explicitly told the plaintiff that she "will not serve him" and "gave [him] the finger." *Bagley*, 220 F.3d at 520. The plaintiff then left the store without making a purchase. *Id.* On appeal, the Seventh Circuit noted that plaintiff was allowed into the store, received assistance from a sales associate—which the assistant manager made no attempt to stop—and left of his own volition without attempting to complete

19

a transaction. *Id.* at 521–522. Though the court acknowledged that the plaintiff could have for taking offense, it held the conduct insufficient to maintain a claim under § 1981 because the merchant was "not responsible for terminating the transaction." *Id.* at 522. So too here.

Even if this Court gives him the benefit of every evidentiary doubt, Gray has—at best—shown that SFA's manager and security guard were rude *before* Gray selected any merchandise to buy. [2] But "[s]ection 1981 does not guarantee patrons of a store an enjoyable shopping experience, it guarantees patrons of a retail store the ability to enter into a contract free from racial discrimination." *Clark,* 478 F. Supp. 3d at 1090.

Gray, however, failed to present any evidence that he faced racial discrimination "while [he] was attempting to consummate [a] contract." *See id.* at 1090–91. Instead, by his own descriptions, the sales associate was helpful throughout his time in the store. *See* IR 31; **SER 109**; IR 77-1; **SER 11, ¶ 4**. There is no evidence whatsoever that the sales associate was unwilling to assist Gray with any purchase he wished to make. Despite this, Gray admits that he alone "decided not to make an attempt to complete his transaction and decided [to] leave after his girlfriend completed her transaction." IR 89; **SER**

---

[2]    SFA maintains that its personnel responded appropriately to a report, later found to be incorrect, that Gray had harassed a SFA employee. SFA, however, recognizes that this Court must draw "all justifiable inferences" in Gray's favor. *See Anderson*, 477 U.S. at 255.

**130**. "Since [SFA] was not responsible for terminating the transaction," Gray's claim under § 1981 fails as a matter of law. *See Bagley*, 220 F.3d at 520.

## CONCLUSION

For all these reasons, Appellee Saks Fifth Avenue LLC asks this Court to affirm the district court's Orders denying Gray's motion to compel and granting summary judgment.

Dated: February 15, 2024       Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

By: *s/ J. William VanDehei*
    J. William VanDehei
    *Attorney for Defendant and*
    *Appellee Saks Fifth Avenue LLC*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7) and Ninth Circuit Rule 32-1, I certify that Saks Fifth Avenue's Answering Brief is proportionately spaced, has typeface of 14 points or more and contains **4,611** words, excluding the parts of the brief exempted by Rule 32(f).

Dated:  February 15, 2024

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ J. William VanDehei*
    J. William VanDehei
    *Attorney for Defendant and*
    *Appellee Saks Fifth Avenue LLC*

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, Saks Fifth Avenue is unaware of any related cases filed in this Court.

Dated:  February 15, 2024          Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

By: *s/ J. William VanDehei*
J. William VanDehei
*Attorney for Defendant and
Appellee Saks Fifth Avenue LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I also served a copy of the foregoing via email and U.S. Mail, return receipt requested, to the following:

Manuel Gray
3419 N. 28th Street
Phoenix, AZ 85016
mgray10619@aol.com
*Appellant*

*/s/ J. William VanDehei*

24